**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2953
_____

UNITED STATES OF AMERICA

v.

FRANK J. CAPOZZI,
Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. No. 3-16-cr-00347-001)
District Judge: Honorable Robert D. Mariani

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 13, 2021
_____

Before: GREENAWAY, JR., KRAUSE, and PHIPPS, *Circuit Judges*.

(Opinion Filed: April 1, 2022)

_____

OPINION[*]
_____

GREENAWAY, JR., *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Defendant-appellant Frank J. Capozzi appeals from his judgment of conviction, arguing that the fruits of a search conducted pursuant to a search warrant should be suppressed. Because we conclude that the magistrate had a substantial basis for concluding that probable cause existed to issue the warrant, we will affirm the judgment of conviction.

## I. BACKGROUND

Capozzi first came to law enforcement's attention in November 2011, when Allstate Insurance contacted Pennsylvania's Office of the Attorney General (OAG) with its suspicions that Capozzi had submitted fraudulent claims under a disability insurance policy. Allstate suspected that Capozzi, who claimed to be disabled and unable to work, was never employed at the company he had reported working for—Hindi Beginnings, Inc. The OAG's investigation uncovered that no employer had reported wages from Hindi Beginnings to Capozzi and that Capozzi in fact had received unemployment benefits from the Commonwealth during 2011.[1]

Based on these findings, OAG agents investigated addresses connected to Hindi Beginnings, including a residence at 465 South Franklin Street in Wilkes-Barre. Through interviews with Capozzi, Krisandra Strausser, and Robert Monaco, OAG agents discovered that Strausser and Monaco submitted fraudulent documents to Allstate, attesting to be executives at Hindi Beginnings, in furtherance of Capozzi's disability

---

[1] Eligibility for unemployment benefits was, at the time, only available to those willing and able to work, and who were actively seeking employment. This, of course, is incompatible with disability insurance claim.

insurance claim. In April 2013, OAG agents executed arrest warrants against Capozzi, Strausser, and Monaco in connection with the insurance fraud investigation. In June 2013, Capozzi shared, through his attorney, certain corporate and personal financial documents indicating that Hindi Beginnings was a functioning corporation and that Capozzi had received $8,999.00 in compensation from the company during 2011.

OAG Special Agent Douglas Hilyard, curious as to why Capozzi would report such a low-income figure to the IRS, reached out to Special Agent Erik Veder, an agent of the IRS apparently located in North Carolina. Agent Veder reported that one common scheme was to report income on federal tax returns to maximize tax return credits.

In July 2013, after Capozzi's arrest, OAG agents sought a search warrant from a Commonwealth magistrate for the Wilkes-Barre property connected to Hindi Beginnings. The search warrant sought a variety of documents pertaining to the operations of Hindi Beginnings in 2011, in whatever medium those documents might be stored. The warrant was for the entire Wilkes-Barre property in which Hindi Beginnings business was purportedly conducted.

The searches uncovered several thumb drives, from which the OAG forensically extracted data. Agent Hilyard's review of the drives revealed files listing tax clients and tax returns. Those individuals referenced in these files as tax clients appeared to be federal prisoners, who were not earning incomes or receiving tax refunds. The OAG subsequently shared the information it recovered with the IRS Office for the Middle District of Pennsylvania. Other documents recovered in the search were used in the Commonwealth's prosecution of Capozzi.

A Grand Jury returned an indictment charging Capozzi with one count of conspiracy to defraud the Government, 18 U.S.C. § 286 (Count One), five counts of wire fraud, 18 U.S.C. § 1343 (Counts Two – Six); five counts of Aggravated Identity Theft, 18 U.S.C. § 1028A (Counts Seven – Eleven); and four counts of theft of Government money, property, or records, 18 U.S.C. § 641 (Counts Twelve – Fifteen).  Capozzi unsuccessfully moved to suppress the fruits of the OAG's search of his home.  Capozzi subsequently pleaded guilty to Count One and Count Seven, and the remaining charges were dismissed by the Government.  On September 14, 2020, the District Court entered its judgment of conviction against Capozzi, sentenced him to a term of 46 months' imprisonment on Count One and a term of 24 months' imprisonment on Count Seven, to run consecutively, for an aggregate sentence of 70 months' imprisonment.

Capozzi now appeals, renewing his suppression arguments.  We agree with the District Court that the warrant issued for the search of the Wilkes-Barre property complied with the Fourth Amendment and will affirm the judgment of conviction.

## II.     JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  "Our review of the denial of a motion to suppress is for clear error as to the District Court's findings of fact, and plenary as to legal conclusions in light of those facts." *United States v. Williams*, 974 F.3d 320, 350 (3d Cir. 2020) (quoting *United States v. Hester*, 910 F.3d 78, 84 (3d Cir. 2018)).  In the context of evaluating a warrant, we exercise plenary review over the District Court's evaluation of the issuing magistrate's probable cause determination and conduct a

deferential review of the initial probable cause determination. *United States v. Stearn*, 597 F.3d 540, 554 (3d Cir. 2010). Our role is solely to evaluate whether "the magistrate had a substantial basis for concluding that probable cause existed." *Id.* (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)); *see also United States v. Desu*, 23 F.4th 224, 235 (3d Cir. 2022).

## III. DISCUSSION

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Probable cause exists where "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238. "The warrant must also describe the things to be seized with sufficient particularity and be 'no broader than the probable cause on which it is based.'" *United States v. Zimmerman*, 277 F.3d 426, 432 (3d Cir. 2002) (quoting *United States v. Weber*, 923 F.2d 1338, 1342 (9th Cir. 1991)).

Because we cannot determine that the issuing magistrate did not have a substantial basis for concluding that probable cause existed to search the whole of the Wilkes-Barre property, we will affirm the judgment of conviction.

Capozzi argues that the warrant was invalid because the search was pretextual in nature, failed to state with specificity the items sought and the places to be searched, and the search itself was not limited in scope to the places or items inside the property where documents related to Hindi Beginnings would be found. Capozzi proposes that, as a result of OAG's inquiry to Agent Veder, this Court should apply the Commonwealth's

5

search and seizure jurisprudence in evaluating the admissibility of the recovered documents. In federal court, however, "evidence obtained in accordance with federal law is admissible." *United States v. Rickus*, 737 F.2d 360, 363 (3d Cir. 1984). Our test for determining the admissibility of evidence recovered from a search "is one of federal law, neither enlarged by what one state court may have countenanced, nor diminished by what another may have colorably suppressed." *Elkins v. United States*, 364 U.S. 206, 224 (1960); *see also United States v. Laville*, 480 F.3d 187, 193 (3d Cir. 2007).

With that in mind, the warrant issued here was clearly supported by probable cause. Capozzi suggests that the length of the investigation and earlier provision of documents to the OAG undermined any suggestion of probable cause. However, OAG's investigation to that point had uncovered evidence of at least two concurrent fraud schemes. First, there was the simultaneous collection of a disability insurance policy from Allstate and unemployment benefits from the Commonwealth. Second, Capozzi's own records raised the possibility of fraudulent tax filings or failure to appropriately file taxes. It was reasonable for the OAG to expect to find additional documents establishing that Hindi Beginnings did not conduct any real business and that Capozzi did not receive any salary, notwithstanding Capozzi's earlier provision of documents. At the very least, such a search was reasonable to assure the veracity of the documents provided.

Moreover, OAG's investigation (and public records) clearly identified the Wilkes-Barre address as Hindi Beginnings's headquarters. Although Capozzi complains that the warrant was too broad in permitting the search of the entire property and any medium in which financial records may have been kept, he offers no cogent limiting principle that

6

should have narrowed this warrant. Tellingly, he neither suggests a clear line of demarcation between the living space and office space for Hindi Beginnings, nor any reason some electronic devices in the home were amenable to search but others were not. Although the warrant sought all documents pertaining to the operation of Hindi Beginnings for the tax and business year of 2011, that alone is insufficient to conclude that the search was overbroad. *See United States v. Fattah*, 858 F.3d 801, 819-20 (3d Cir. 2017) (concluding warrant authorizing seizure of "[a]ll financial records" and "[a]ll tax records," among other things, satisfied the particularity requirement). Our review of the record certainly reveals there was a "fair probability" that incriminating financial documents could have been found throughout the property. *See Gates*, 462 U.S. at 238; *Zimmerman*, 277 F.3d at 432.[2]

## IV. CONCLUSION

Accordingly, we will affirm the judgment of conviction.

---

[2] Because we conclude that there was a substantial basis for the magistrate's probable cause determination, we need not reach the question of whether the OAG executed the warrant in good faith reliance upon its validity. *See United States v. Leon*, 468 U.S. 897, 924-25 (1984); *Pearson v. Callahan*, 555 U.S. 223, 241-42 (2009) (recognizing that *Leon* created an analytical framework in which "a defendant challenging a search will lose if either: (1) the warrant issued was supported by probable cause; or (2) it was not, but the officers executing it reasonably believed that it was").